1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8    STACIE LEE AND JOHN LEE, Washington        )
     residents,                                 )
                                                )
9                    Plaintiffs,                )    **NO.**
                                                )
10              vs.                             )
                                                )    **COMPLAINT FOR**
11   WEBB ROAD MAINTANENCE GROUP, a             )    **DECLARATORY AND**
     Washington Limited Liability Company, and  )    **INJUNCTIVE RELIEF**
12   WILLIAM MACARAS,                           )    **AND DAMAGES**
                                                )
13                   Defendants.                )
     _____        )

14

15        COMES NOW, Plaintiffs, Stacie Lee and John Lee, by and through their attorneys

16   Washington Civil & Disability Advocate for their Complaint for Declaratory and Injunctive

17   Relief and Damages to state and allege as follows:

18

19                    **I.      INTRODUCTION**

20        1.      Defendants are a homeowners association, and its managers and directors, who

21   are primarily occupied with managing and maintaining about 1.25 miles gravel of road servicing

22   about 65 homes.  Defendants have negligently violated Plaintiffs' equal housing rights and

23   discriminated against Plaintiffs on the basis of disability. Defendants have discriminated against

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 1 of 9**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  Plaintiffs by "maintaining" and altering the gravel road so that Plaintiff Stacie Lee cannot travel

2  along the road using her wheelchair. Plaintiffs' vehicle, modified to accommodate a wheelchair,

3  cannot traverse the speed bumps put in place by Defendants, despite Defendants' knowledge of

4  the issue. Plaintiff Stacie Lee and her husband John Lee have resided near the end of Webb Road

5  for almost 9 years (long before Defendant Webb Maintenance Group declared itself in charge of

6  Webb Road) and Ms. Stacie Lee requires a power wheelchair for mobility due to her disability.

7  Defendants have steadily increased the height of the speed bumps over the last several years, first

8  denying Ms. Lee the ability to travel on the road in her wheelchair, and finally causing damage

9  to her wheelchair-accessible vehicle and essentially trapping her in her home.

10         2.       The Fair Housing Act and the Washington Law Against Discrimination guarantee

11  the right to equal use and enjoyment of the homes of people with disabilities.  Defendants'

12  insistence on increasing speed bump size is not only discriminatory but is also negligent and has

13  caused monetary damages in addition to a loss in Plaintiffs Stacie and John Lee's quality of life.

14                              **II.      PARTIES**

15         3.       Plaintiffs Stacie Lee and John Lee are residents of Lakebay in Pierce County,

16  Washington.  They are Washington residents and reside in this district.

17         4.       Defendant Webb Road Maintenance Group (the "HoA") is homeowners

18  association formed in the last 4-5 years.

19         5.       Defendant William Macaras is the president of the Webb Road Maintenance

20  Group.

21         6.       The identities of the other directors or members of the board of the Webb Road

22  Maintenance Group are currently unknown and Plaintiffs will amend this Complaint when

23  additional defendants become known.

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 2 of 9**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1

### III.    JURISDICTION AND VENUE

2    7.    This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district

3    courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

4    United States.

5    8.    This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

6    courts jurisdiction over actions to secure civil rights under Acts of Congress.

7    9.    This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district

8    courts supplemental jurisdiction over related state law claims.

9    10.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the

10    practices and procedures that gave rise to the Plaintiffs' Complaint for Declaratory and

11    Injunctive Relief and Damages occur in this district and the gravel road that is the subject of this

12    litigation lies within this district.

13

### IV.    FACTUAL ALLEGATIONS

14    11.    Plaintiffs John and Stacie Lee moved into their home almost 9 years ago – more

15    than 4 or 5 years prior to the formation of the Webb Road Maintenance Group.

16    12.    Webb Road Maintenance Group declared itself the keeper of the road in 2014 or

17    2015, and assumed responsibility and control over the repair and maintenance of the road.

18    13.    When the more than 60 Webb Road residents "voted" the Webb Road

19    Maintenance Group into existence as a homeowners association, via a mail-in ballot that counted

20    non-responding residents as "yes" votes, the new homeowners association assessed an initial fee,

21    which the Lees paid.

22    14.    The HoA subsequently assessed annual fees, and the Lees dutifully paid their fees

23    for the first several years.

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 3 of 9**

1    15.    The Lees attend a meeting earlier in 2016 and learned speedbumps would be

2    placed on Webb Road.

3    16.    On August 5, 2016, the Lees sent a letter from their attorney to the HoA notifying

4    that if the speedbumps were made any higher the Lees would not be able to drive over them

5    without significant damage to their vehicle.

6    17.    The HoA dismissed the Lees concerns in a letter in dated September 9, 2016.

7    18.    Eventually, the HoA began implementing the speedbumps, which Ms. Stacie Lee

8    was unable to traverse in her wheelchair, and which scraped the bottom of the Lee's vehicle.

9    19.    Ms. Stacie Lee requires a specially modified van with an extendible ramp to

10   safely accommodate her power wheelchair.

11   20.    Subsequently, the height of the speedbumps steadily increased until the Lees

12   could hear the sides of their vehicle scraping against the speed bumps each time they traveled

13   Webb Road. And eventually they could no longer cross the speedbumps without damaging their

14   vehicle.

15   21.    Since this time, Ms. Stacie Lee has been unable to walk her dogs in her

16   wheelchair due to the height of the speedbumps.

17   22.    In fact, while Ms. Lee previously traveled the gravel road in her wheelchair to

18   walk her dogs, she has been unable to leave her residence without the use of her modified vehicle

19   since the speedbumps were put in, because her wheelchair will either tip over or become stuck if

20   she attempts to cross them.

21   23.    Despite fair notice of the harm that would be caused the Lees, the HoA again

22   increased the height of the speedbumps on July 8, 2019 while the Lees were out of their home.

23   24.    When the Lees attempted to return home later that day, they heard a loud crack

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 4 of 9**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    and grinding noise from under their car when crossing the speedbumps.

2         25.    Upon inspection, the Lees discovered the body and undercarriage of their vehicle

3    had been broken and would need repair.  A repair estimate provided by a specialized auto shop

4    that works on assistive mobility vehicles was several thousands of dollars.

5         26.    Ms. Stacie Lee was effectively trapped in her home for weeks following the

6    damage to her vehicle for fear of permanently breaking her specialized van when crossing the

7    speedbumps or of becoming stranded on top of a speed bump when attempting to cross it.

8         27.    Plaintiffs have suffered past damages due to Defendants' practices and are very

9    likely to continue suffering further damages in the future without an injunction from this Court.

10                              **V.    FIRST CAUSE OF ACTION**
                              **Federal Fair Housing Amendments Act**
11                                **42 U.S.C. §§ 3604, 3613**

12        28.    Plaintiffs incorporate by reference all allegations in the paragraphs above.

13        29.    The Federal Fair Housing Amendments Act ("FHAA") makes it unlawful to

14   "discriminate against any person…in the provision of services or facilities in connection with [a]

15   dwelling, because of a handicap of

16        (A) that person; or

17        (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or

18        made available; or

19        (C) any person associated with that person. 42 U.S.C. § 3604(f)(2).

20        30.    Under the FHAA, a person has a "handicap" when they have "a physical or

21   mental impairment which substantially limits one or more of such person's major life activities."

22   42 U.S.C.A. § 3602(h)(1).  Plaintiff Stacie Lee uses a power wheelchair for mobility and is a

23   person with a handicap within the meaning of the FHAA. 42 U.S.C.. § 3602(h)(1).

Complaint for Declaratory and Injunctive          WASHINGTON CIVIL & DISABILITY ADVOCATE
Relief and Damages                                      4115 Roosevelt Way NE, Suite B
**Page 5 of 9**                                              Seattle, WA 98105
                                                            (206) 428-3558

31.     Discrimination under the FHAA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

32.     Defendants control and implement the rules, policies, practices, or services for maintaining Webb Road in connection with the Lees' home.

33.     Defendants discriminated against Ms. Lee by refusing to make reasonable accommodations in maintaining Webb Road, despite knowing that the conditions of the speed bumps exclude Ms. Lee from equally using and enjoying her home due to her handicap.

34.     Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed the Lees, and the harm will continue without declaratory and injunctive relief.

35.     Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Lee to declaratory and injunctive relief as well as damages. 42 U.S.C. § 3613.

36.     Defendants' discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Lee to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 3613.

## VI.     SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

37.     Plaintiffs incorporate by reference the allegations in the paragraphs above.

38.     Ms. Lee is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination ("WLAD"). R.C.W. §§ 49.60.040(7)(a).

Complaint for Declaratory and Injunctive Relief and Damages
**Page 6 of 9**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    39.    Section 49.60.030(1) of the Revised Code of Washington provides in pertinent

2    part: "The right to be free from discrimination because of . . . the presence of any sensory,

3    mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

4    include, but not be limited to: . . . (c) The right to engage in real estate transactions without

5    discrimination."

6    40.    Under section § 49.60.222(1)(f) of the Revised Code of Washington, it is an

7    unfair practice with respect to real estate transactions, facilities, or services to "discriminate in

8    the sale or rental, or to otherwise make unavailable or deny a dwelling, to any person" due to that

9    person's disability.

10    41.    Discrimination due to disability includes: b) [refusal] to make reasonable

11    accommodation in rules, policies, practices, or services when such accommodations may be

12    necessary to afford a person with the presence of any sensory, mental, or physical disability

13    …equal opportunity to use and enjoy a dwelling. R.C.W. § 49.60.222(2)(b).

14    42.    Defendants Webb Road Maintenance Group and William Macaras and the other

15    officers/directors of the Webb Road Maintenance Group are responsible for setting the rules,

16    policies and practices for service and maintenance of Webb Road.

17    43.    Defendants discriminate against Ms. Lee and violate the WLAD by refusing to

18    make reasonable accommodations in their polices and practices to maintain Webb Road in a way

19    that allows Ms. Lee equal opportunity to use and enjoy her dwelling by preventing entry and exit

20    without damage to her modified vehicle.

21    44.    As a direct and proximate result of Defendants' discriminatory conduct as alleged

22    in this Complaint for Declaratory and Injunctive Relief and Damages, Ms. Lee has suffered and

23    continues to suffer difficulty, hardship, isolation, and segregation due to Defendants' failure to

Complaint for Declaratory and Injunctive
Relief and Damages
**Page 7 of 9**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   make reasonable accommodations.

2        45.      Pursuant to RCW § 49.60.030(2), Ms. Lee is entitled to declaratory and injunctive

3   relief and damages, and to recover from Defendants her reasonable attorneys' fees and costs

4   incurred in bringing this action.

5                           **VII.   THIRD CAUSE OF ACTION**
                                     **Negligence**

6        46.      Plaintiffs incorporate by reference the allegations in the paragraphs above.

7        47.      Defendants were and are under a duty to manage and maintain Webb Road using

8   ordinary care, acting in a way a reasonably careful person would do in the same or similar

9   circumstances.

10       48.      Defendants breached that duty by creating speed bumps too high for Plaintiffs'

11   modified van to traverse without damage or risk of damges, despite Plaintiffs' warning that

12   damage would occur.

13       49.      Plaintiffs' modified van was damaged while crossing the unreasonably high speed

14   bumps, and Defendants are the actual and proximate cause of those damages to Plaintiffs'

15   modified van.

16       50.      Damages in excess of $3,000 were sustained by Plaintiffs including but not

17   limited to damage to the modified vehicle.

18       51.      Additional damages were sustained by Plaintiffs for the loss of Ms. Lee's ability

19   to leave her residence unaided and for Mr. Lee's loss of companionship everywhere ouside of the

20   immediate vicinity of their home.

21                            **VIII.   PRAYER FOR RELIEF**

22        WHEREFORE, Ms. and Mr. Lee respectfully request that this Court:

23        1.      Assume jurisdiction over this action;

Complaint for Declaratory and Injunctive          WASHINGTON CIVIL & DISABILITY ADVOCATE
Relief and Damages                                        4115 Roosevelt Way NE, Suite B
**Page 8 of 9**                                                  Seattle, WA 98105
                                                                  (206) 428-3558

2.      Find and declare Defendants WEBB ROAD MAINTANENCE GROUP and

WILLIAM MACARAS to be in violation of the Federal Fair Housing Amendments Act,42

U.S.C. §§ 3604 et seq, and the Washington Law Against Discrimination, Wash. Rev. Code §§

49.60.010 et seq.;

3.      Issue a permanent injunction ordering Defendants to immediately implement the

necessary accommodations, changes, and policies to make Webb Road accessible for Plaintiffs

and their vehicle;

4.      Award the Lees reasonable attorneys' fees and costs as authorized by 42 U.S.C. §

3613 and R. C. W. § 49.60.030;

5.      Award punitive, actual, compensatory, and/or statutory damages to Ms. Lee for

violations of her civil rights as allowed under state and federal law;

6.      Award compensatory damages for injury to Plaintiffs' vehicle resulting from

Defendants' discrimination and negligence in maintaining Webb Road.

7.      Award such additional or alternative relief as may be just, proper and equitable.

DATED THIS 20th day of September, 2019.


WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

/S/ MICHAEL TERASAKI
Michael Terasaki
WSBA# 51923
4115 Roosevelt Way Ne, Suite B
Seattle, WA 98105
(206) 402-1124
terasaki@wacda.com


Complaint for Declaratory and Injunctive
Relief and Damages
**Page 9 of 9**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558